STATE *v.* BENJAMIN WHITNEY.

In an indictment for selling spirituous liquors by the small measure, with-out license, the omission of the auxiliary verb *" did,"* which should have been joined with the words *" sell and dispose of,"* is not fatal upon a motion in arrest.

The county court have original jurisdiction in such case, though the fine is limited to ten dollars.

THIS was an indictment for selling spirituous liquors by small measure, which charged,—" That Benjamin Whitney, ' of Castleton in the county of Rutland aforesaid, on the first ' day of August, in the year of our Lord, one thousand ' eight hundred and forty two, at his, the said Benjamin ' Whitney's dwelling house in Castleton aforesaid, sell and ' dispose of, to divers persons, foreign and domestic distill-' ed spirituous liquors, in a less quantity than one pint, to ' wit, by the gill, half gill and half pint, he, the said Benja-' min Whitney, not having a license to sell such liquors as ' aforesaid," &c.

Plea, guilty.

After the plea, and before sentence, the respondent mov-ed in arrest of judgment, upon the ground that the court had not jurisdiction of the offence charged in the indictment, but that the same was within the jurisdiction of a justice of the peace ; and also for that the matters contained in said indictment, were insufficient, in law, to warrant any judg-ment to be rendered thereon against him.

The county court overruled the motion, to which decision the respondent excepted.

———— ————, for the respondent.

The respondent contends, that the county court cannot take cognisance of the offence (if any) charged in the indictment, but that the same is within the exclusive jurisdiction of a justice of the peace. Revised Statutes, 170, section 1; 400, § 24; 469, § 26; 78, § 49; 94, § 68; 174, § 46; 467, § 6; 176, § 66; 466, § 2.

The offence charged is an act expressly prohibited by statute, and imports a breach of the peace; but the indictment does not allege that it was done with force and arms, which is necessary in all cases, where it would not be absurd to use those words, 2 Hawk. P. C. ch. 25, § 90.

Neither is it alleged that, at the time of doing the act, the respondent had not a license to keep an inn or house of entertainment. The allegation, *not having a license to sell said liquors, &c.* refers to the time of finding the indictment, and cannot, by intendment be made to refer to the time of the sale. Hawk. P. C. ch. 64, § 38; *King* v. *Hazen,* 13 East. 141.

It is not alleged in the indictment that the respondent *did* any thing.

*W. C. Kittridge,* state's attorney, for the prosecution.

Justices of the peace have not jurisdiction in cases like the present, because:

1. The fine and cost are payable into the treasury of the county, and costs of prosecution are to be paid out of the same treasury. Rev. Stat. 400, § 23; 446, § 2 & 4. Justices have no authority to draw orders for cost on the county treasury, but upon the town treasuries only. Rev. Stat. 467, § 6. Supreme and county courts only are empowered to draw orders on the county treasury. Rev. Stat. 467, § 5.

2. Justices are required, under a penal forfeiture, to deliver an abstract, annually, of all fines and penalties imposed by them, to the treasury of the town, &c.; but are not required to make any such returns to the county treasury. Rev. Stat. 176, § 66 & 67.

State's attornies are required to pay over to the county treasuries, all fines and penalties belonging to the same, Rev. Stat. ch. 11, § 49., and county clerks are required to return a statement of fines and penalties assessed by the

courts, to the clerk of the House of Representatives. Rev. Stat. ch. 11, § 63, Subd. 6.

3. It is, and should be, the policy of the legislature, to place all public officers who have power to assess or collect fines, under specific responsibilities by way of recognisance for the faithful execution of every particular trust. No such obligation is imposed on justices in respect to fines belonging to the county treasury.

4. The intention of the legislature to give the county court jurisdiction of these cases sufficiently appears from the 29th section of chapter 83, Revised Statutes; also see 469, sec. 26 of same.

The opinion of the court was delivered by

BENNETT, J.—We have had, at the present term of the court, an indictment before us, *(State v. Munger)* which was exposed to many of the objections, that are, and might be, raised to this. So far as the objections are the same, in the two cases, we need not repeat what was said in that case. We will only consider the points, wherein they differ. It is said, the omission of the auxiliary verb, *did,* which should have been joined with the verb, *sell,* (the use of which is as a helper to form the modes and tenses of other verbs) is fatal; that without it, there is no averment that the respondent has done any illegal act. If this conclusion is to follow, most certainly the objection is well taken. In *Williams et al v. Wilson et al,* 1 Vt. R. 271, it was held, on special demurrer, that, in a replication, the omission of the nominative pronoun, " they," which should have preceded the verbs " were damnified and did pay," was not fatal. In this indictment it is alleged, that the respondent, on the 1st day of August, A. D. 1842, at &c. *sell* and *dispose* of, &c. It is evident the omission is purely a clerical one, and the auxiliary verb may be supplied by intendment. In indictments, as well as in declarations, only the second degree of certainty is required, that is, certainty to a certain intent, in general, as it is usually expressed. 5 Coke's Rep. 121. It was also held, that false Latin did not hurt an indictment, if by any intendment, it could be made good. Nor would it be set aside for a false concord in the grammatical construction of a sentence, the expressions being sufficiently significant to

make the sense appear. 5 Jac. L. D. by Tomlins, 408; Cro. Jac. 465 ; 5 Coke's R. 121. The words, " sell and dispose of," express all the *action* which is imputed to the respondent, and no one can misapprehend their sense, in the connection in which they are used, and the helping verb will, at once, be supplied by intendment.

A question has been raised, as to the jurisdiction of this court.

The penalty upon a conviction in this case, is limited to ten dollars. By the Revised Statutes, p. 170, every justice of the peace is authorized to try and determine prosecutions of a criminal nature, where the punishment is by fine, not exceeding ten dollars. The words of the statute are broad enough to include the prosecution before us ; and its obvious effect would be to give the jurisdiction, in cases like this, to a justice of the peace, unless we are satisfied, from an examination of the different provisions of the statute, that this was not the intention of the legislature. No mode is specially provided for the recovery of penalties for a breach of the license laws ; and in all cases, in which there is no special provision, the statute 496, sec. 29, provides, that the penalties may be recovered by information or indictment. No indictment can be had before a justice of the peace. The penalty, in this case, goes to the county treasury. Statute, 400, sec. 25 ; and the costs of prosecution are to be paid out of the same treasury. Statute 467, sec. 4. By the Revised Statutes, p. 467, sec. 5 and 6, the supreme and county courts, alone, could draw orders upon the several county treasurers, and justices of the peace upon the treasurers of towns, liable for the costs of any prosecution. If, in this case, the prosecution is to be had before a justice, there is no provision in the statute for the payment of costs. It is made the duty of justices of the peace to return abstracts of all fines by them assessed, to the treasurer of the town, but they are not required to make any returns to county treasurers. And state's attornies are under bonds to pay over to the county treasurers, all fines belonging to the same. Statute, 176–78. In the construction of statutes, the court should endeavor to give them effect according to the intention of the legislature, although it seem contrary to the letter. 6 Bac. Abr. 384. In some cases the letter of the

statute is *restrained;* in others, it is *enlarged;* while in others the construction is contrary to the letter, 6 Bac. Ab. 386 ; *Zouch* v. *Stowell,* Plow. 365. In construing a statute, it is an established rule of law, that all acts in "*pari materia,*" are to be taken together, as if they were one law. *Ailsbury* v. *Pattison.* Doug. R. 30. We cannot think the legislature intended to give to justices jurisdiction in such cases as this, though included in the general words of the statute.

The result is, the respondent takes nothing by his exceptions.

He was sentenced to pay to the county treasury a fine of ten dollars and costs.