## STATE *versus* REED.

To a *complaint* for crime, it is not a fatal objection, that it employs Arabic numerals, or long used and well understood abbreviations, to express the time when the offence was committed, or when the complaint was made and sworn to.

To a complaint for selling, without authority, *one glass* of spirituous liquor, there is no ground for the objection that there was no definite description of the quantity in which the liquor was sold.

ON EXCEPTIONS from *Nisi Prius*, RICE, J., presiding.

COMPLAINT, made and sworn to on the " 16*th day of December, A. D.* 1850," charging that the defendant on the " 14*th day of December, A. D.* 1850," without authority sold to N. T. a quantity of spirituous liquor, viz: " *one glass* of rum, one glass of gin, one glass of brandy and one glass of wine."

After verdict against the defendant, he moved in arrest of judgment, for the reasons : —

1st. That the day of the month and year in which said selling is alleged, to wit, the 14th day of December, A. D. 1850, is expressed in figures and not in writing as they should be.

2d. That no year is sufficiently and properly expressed in which said selling is alleged.

3d. That said selling is alleged to have taken place on "the 14th day of December, A. D. 1850," and not on the fourteenth day of December in the year of our Lord eighteen hundred and fifty, or in the year eighteen hundred and fifty, as it should have been.

4th. That the selling alleged in said complaint is of one glass of rum, one glass of gin, one glass of brandy and one glass of wine, which said term " *one glass*" does not express any quantity known to the law.

The motion was overruled, and the defendant excepted.

*Merrill*, for the defendant.

The day of the month and the year should have been written out in words in the complaint, and not in figures, and

instead of the abbreviations, A. D. the words, "*in the year*," or, "*in the year of our Lord*," should have been written out at length, and the omission to do this is fatal to the complaint. 1 Chitty's Crim. Law, 176 ; 7 Dane's Abr. 269 & 70 ; 5 U. S. Dig. 147.

*Tallman,* Att'y General, for the State.

TENNEY, J. — The exceptions are attempted to be sustained on the ground, that the time, when the complaint was made is stated therein to be "on the 16th day of December, A. D. 1850," and that it is alleged in the complaint, that the defendant, "on the 14th day of December, A. D. 1850," was guilty of the acts complained of ; and it is contended, that the use of figures and abbreviations in the complaint renders it invalid.

In all criminal prosecutions, the accused shall have a right to demand the nature and cause of the accusation ; and he shall not be deprived of his life, liberty, property or privileges but by the law of the land. Constitution of Maine, Article 1, § 6.

The use of Arabic numeral characters has been long adopted in contracts and other documents, and no want of certainty is perceived to be the result. And the nature and cause of a criminal complaint is not rendered obscure in any degree, by reason of dates being in those characters. Such abbreviations as occur in the complaint, which we are considering, have been for a long time used, and their meaning is as well understood as if the words which they represent, were written at length.

It has not been satisfactorily shown, that a complaint containing dates in numeral characters, and the abbreviations of " A. D." for "the year of our Lord," fails to be according to the law of the land. The statutes of England, which have been cited for the purpose of showing the complaint defective, are not such as are binding authority here. The Act of the 4th year of George 2, c. 14, and 6 Geo. 2, c. 26, we are not satisfied has ever been adopted as a part of the common law of this country.

In several States of the Union, dates like those in question have been held sufficient. *State* v. *Hodgdon,* 3 Ver. 481 ; *State* v. *Kaiford,* 7 Porter, 101 ; *Barnes* v. *State,* 5 Yerger, 186 ; *State* v. *Haddock,* 2 Hawk. 416. In other cases they have been regarded as insufficient at common law, though they have sometimes been held valid under statutory provisions. *State* v. *Deckins,* 1 Hayw. 406 ; *State* v. *Lane,* 4 Iredell, 114 ; *Finch* v. *State,* 6 Blackf. 533.

The practice which has prevailed in this respect, it is believed has not been uniform even in this State, and authority is not so clear as to warrant the decision, that a complaint for such a cause is essentially defective, though we think it would be better for criminal pleaders to adhere to the ancient practice which has generally been adopted, to frame complaints exclusively in the English language. *Exceptions overruled.*

SHEPLEY, C. J., and WELLS and HOWARD, J. J., concurred.