## EDWARDS VS. THE STATE.

A license to retail spirituous liquors granted by the county court can have no retrospective effect so as to condone offences against the statute committed previous to its issue.

Whatever may be the extent of the right of counsel to argue legal questions before a jury in a criminal case, it certainly does not authorize an argument against instructions of the court given upon prayer of the counsel seeking to impugn them.

*Appeal from Hot Spring Circuit Court.*

Hon. JOHN C. MURRAY, Circuit Judge.

GARLAND & RANDOLPH, for the appellant.

The requisition of licenses for the retail of spirituous liquors has simply for its object an increase of revenue, and if the license be paid the object of the requisition is subserved.

A license granted at a subsequent time, reciting a privilege to retail from a previous date will, in effect, relate to the first date.

It is the right of counsel to argue questions of law before a jury in a criminal case—in such cases they are the judges of the law and the facts. *Patterson vs. State*, 2 *Eng.* 59; *Nelson vs. State*, 2 *Swan* 482; *McPherson vs. State*, 22 *Geo.* 478; *State vs. Clements*, 32 *Maine* 279; *State vs. Croten*, 23 *Verm.* 14; 5 *Ala.* 666; 4 *Blackf* 150; 10 *Ind.* 276; 1 *Parker Cr. R.* 595; 1 *Chase's Trial* 44, 47; 2 *Ib.* 30, 31, 32; 5 *Eng.* 36; 7 *Eng.* 65.

HOLLOWELL, Attorney General, for the State.

The county court had no authority to grant a license for the retail of spirituous liquors retrospective in effect.

It is the duty of juries in criminal cases to receive the law from the court. 13 *Ark.* 630; *Arch. Cr. Pl.* 891, 2 *and notes.*

Mr. Justice COMPTON delivered the opinion of the court.

The appellant was convicted in the Hot Spring Circuit Court and fined five dollars for retailing spirituous liquors contrary to the statute.

On the trial, it appeared that the County Court, at the July term, 1860, had granted to the appellant license to retail spirituous liquors in quantities less than one quart, for the term of six months from the 13th day of May, 1860; it also appeared that the appellant had retailed at a period between the 13th May, and the granting of the license in July following. The counsel for the appellant moved the court to instruct the jury, that upon this state of facts, they should acquit, which the court refused to do, and instructed them that they should convict. The counsel then insisted on arguing to the jury touching this question of law, that he was right, and the court wrong, but the court refused to permit him to do so.

By retailing without a license the appellant was indictable under the statute, *Gould's Dig. ch.* 169, *sec.* 2; 8 *et seq.*; and though jurisdiction is conferred on the county court to grant a license, in such cases, to operate prospectively, yet it has no jurisdiction or power to make the license operate retrospectively; or in other words, to cure a past offence, or legalize a crime.

The proposition, that in a criminal prosecution, the counsel for the accused has the right to argue the law to the jury, has been much discussed in this case. The facts in the record, however, do not require a decision upon the point; for whatever may be the rights of the counsel under other circumstances, he will not be permitted, after he has called on the court to declare the law, to appeal to the jury and argue that the decision of the court was erroneous.

We think the other objections relied on as grounds for reversal, are not well taken.

Let the judgment be affirmed.