THE STATE v. JEROME N. BLACK.
THE STATE v. G. W. BLACK.  ·
THE STATE v. LACY LUSK.
THE STATE v. MILL McMILLAN.
THE STATE v. LAFAYETTE NEWSOM.
THE STATE v. WILLIAM NEWSOM.
THE STATE v. T. Y. CARTER.
THE STATE v. COOT BARNES.

In an indictment for theft, the description of the party whose property was stolen by the initials of his christian name is sufficient.   The question could only arise as a matter of variance, not upon the sufficiency of the indictment.

APPEAL from Madison.   The case was tried before Hon. N. H. DAVIS, one of the district judges.

Black and a number of others were indicted for stealing cotton.   The indictments were quashed, on the ground that H. B. Munnerlyn was not a sufficient description of the person injured.   The state appealed.

*E. B. Turner, Attorney General,* for the state.

---

---

No brief for the appellees has been furnished to the *Reporter*.

LINDSAY, J.—In each of these cases the indictment was for the offense of stealing cotton, the property of "H. B." Munnerlyn. Upon motions of defendants' attorneys the indictments were quashed, upon the ground that "H. B." was no christian name of the alleged owner of the cotton.

We think the exceptions to the indictments in these cases were not well taken. Initials are a sufficient designation of the christian names of third persons whose names it is necessary to introduce into indictments. The rigid rule of the common law is not required in naming an injured party whose name is used in indictments, as in the case of defendants. The defendant could take advantage of a misnomer by a plea in abatement which gives the true name. By the Criminal Code it is only necessary to suggest the true name by the party or his counsel, when the indictment is forthwith amended, and the cause proceeds. In the case of the name of the injured party the same rigor was never required. It must appear by proof that the initials of the christian name of the party injured are not the initials of his christian name, in order to constitute such a variance between the allegation and the proof as would warrant an arrest of the judgment. Each of these cases is therefore

REVERSED AND REMANDED.