# E. D. GAMBLIN *v.* THE STATE OF MISSISSIPPI.

1. CIRCUIT COURT — INSTRUCTIONS — PRACTICE. — It is proper for a circuit court to refuse charges which are a mere repetition of those already given.

2. NEW TRIAL — WHEN VERDICT WILL NOT BE SET ASIDE. — This court will not interfere with the verdict of a jury which has not been misled by instructions, except in very clear cases of error, passion or prejudice.

3. INDICTMENT FOR EXHIBITING DEADLY WEAPON — FORMAL DEFECT. — The mere omission of the word "manner" after the words "rude, angry and threatening" in an indictment for exhibiting a deadly weapon, is a formal defect and the subject of amendment under the statute. In such an indictment it is not necessary to charge that defendant was "carrying" the weapon. It is sufficient to charge that having it, he exhibited it, without the words "or carrying."

4. SAME — NOT NECESSARY TO CHARGE THAT THE PISTOL WAS LOADED. — In an indictment for unlawfully exhibiting a pistol it is not necessary to charge that the pistol was loaded.

ERROR to the circuit court of Neshoba county. LEACHMAN, J.

The minute detail with which the court has, in its opinion, presented the points it has considered, leaves nothing for the reporter to state.

*S. A. D. Steele*, for plaintiff in error.

I. The indictment was fatally defective. As it was returned by the grand jury, it charges no offense. The word in the statute that defines the act denounced by the legislature is omitted. It is not unlawful to exhibit a weapon in a "rude, angry or threatening" state of mind, but it must be exhibited in that "manner," and if not averred in the indictment to be in that "manner," it is no violation of the act, and hence this indictment, as returned by the grand jury, charges no offense. The indictment being fatally defective in substance, the question arises on the motion to quash, and it is clear that the court could properly have rendered but one judgment: to sustain the motion. There can certainly be no question on this point.

II. It was error to sustain the motion to amend. At common law, I apprehend, there can be no question that an indictment could not be amended, in substance, after it was returned by the grand jury. A rule of construction that, I believe, universally obtains is, that a statute in derogation of the common law must be strictly construed. With this rule of construction in view, I respectfully submit that there is no statute that will justify this amendment without the consent of the defendant. The only statutes that bear on this question, that I have been able to find, are, art. 262, p. 615, and art. 257, p. 615, Rev. Code, 1857. To construe these articles together (and they are separate articles of the same act, and must be so construed), and there is no authority for the amendment.

The honorable chief justice, in a very well-considered opinion, clearly intimates that such an amendment cannot be made. Unger v. State, 42 Miss. 649. But if it was correct to overrule the motion to quash, there could be no propriety in amending the indictment. If the indictment

was defective in form only, the motion might have been confessed, and leave asked to amend, and, under the articles above referred to, the court have allowed the amendment to be made, but I do insist that it is error to allow the indictment to be amended in substance, at the time it was ordered, against the consent of the defendant. I do insist that it is ridiculously absurd, as well as erroneous, for the court to hold the indictment good, and then order it to be amended.

III. The indictment was not amended as ordered, hence the amendment on which the defendant was tried charges him with no offense.

IV. The motion for a new trial should have been granted.

V. The fifth charge is the law, and should have been granted.

*J. S. Morris*, Attorney-General.

The first real question presented upon the record in this case is that arising upon the amendment of the indictment by the insertion of the word "manner" after the words "rude, angry and threatening." It is not denied that the amendment might properly be made; it is not denied that a motion for this purpose was properly made and properly sustained, but it is insisted that, although it was the judgment of the court that the indictment should be so amended, yet, in truth and in fact, the word "manner" was not actually inserted in the indictment as by the judgment of the court might have been done. Upon this point, it is sufficient to say that an actual amendment in such a matter is not necessary. Under the English statute of amendments and jeofails, which was always more strictly construed than ours, Lord Hendrick said: "An actual amendment is never made, but the benefit of the act is obtained by our overlooking the exception." Rex v. Landaff, 2 Strange, 1011; 2 Tidd's Prac. 928. See, also, Small v. Cole, 2 Burr. 1169. I am not aware that this question has ever been before this court; but in Tennessee the supreme court has gone much

farther than ever the English courts have. Said McKinney, J., in the case of Eakin v. Burger, 1 Sneed, 417 : "There is no force in the objection that no application was made in the circuit court to amend for the purpose of supplying the proper averments under the statute. The general rule under statutes of amendments is, that the amendments need not, in point of fact, be made. The benefit of the statute is obtained by the court overlooking the exception or considering the amendment as made." In the case thus disposed of, it appears that "no application had been made to amend in the circuit court ; " but the court "overlooked the exception or considered the amendment as made." But in the present case the application to amend was formally made and sustained before the trial. See, also, 1 Bish. Cr. Pr., § 386, and note 1.

The assumption insisted on by counsel for plaintiff in error, that the court below ought to have sustained the motion to quash the indictment, and then have sustained a motion for leave to the district attorney to amend, would lead to an absurdity. How could a court amend an indictment after it had been quashed?

The other question raised by the assignment of errors, and in the argument for plaintiff in error, relate to the sufficiency of the evidence to warrant the conviction, and the correctness of the instructions. Upon all this I think it very clear, from an examination of the record, that this court will not hesitate for one moment in saying that the testimony warranted the verdict of guilty ; that the jury was fairly and, as regards the interests of the prisoner, liberally instructed ; that the instructions asked and refused on behalf of the defense were properly refused ; that there is no error prejudicial to the rights of the plaintiff in error, and that the judgment must be affirmed. The habit of carrying and exhibiting deadly weapons in a lawless manner, upon slight or no provocation, in crowds and in public places, has been, and is now, productive of vast and incalculable evil, not alone to individuals and to families, but

also, and to a still greater extent, to the state. This is a clear and an aggravated case, and the affirmance of the verdict of the jury and judgment of the circuit court will be just and salutary in its example.

TARBELL, J.:

The plaintiff in error was indicted at the September term of the Neshoba county circuit court, 1867, under art. 56, Code, 582, for the exhibition of deadly weapons. At a subsequent term, a motion to quash was submitted on the following grounds: "1st. Because the indictment does not charge that the pistol was loaded; 2d. It does not charge that the defendant was carrying the pistol charged to have been exhibited; 3d. It does not charge the defendant with exhibiting the weapon in a rude, angry and threatening manner." This motion being overruled, the accused pleaded not guilty, the district attorney having obtained leave to amend the indictment by inserting therein the word "manner." On the trial the court instructed the jury for the state as follows: "If the jury believe from the evidence that the defendant, E. D. Gamblin, exhibited the pistol in a rude, angry and threatening manner, in the presence of three or more persons, and not in his necessary self-defense, he is guilty as charged, and the jury should so find."

The following instructions were given for the defendant: 1st. "To constitute the offense charged in the indictment, the state must prove that the defendant exhibited the pistol in a rude, angry and threatening manner, and not in necessary self-defense, to the exclusion of every reasonable doubt, and unless the state has so proven, the jury should find the defendant not guilty." 2d. "The jury should look at all the testimony in the cause, and, if they believe that the defendant had reasonable cause to apprehend an assault on himself and drew his pistol to defend himself, they should find him not guilty." 3d. "If the jury have a reasonable doubt as to the guilt of the defendant, arising out of the testimony, they should acquit."

The following, asked for defendant, were refused : 1st. "If Gamblin had reason to believe that there was a conspiracy between Franklin and Salter to do him personal violence, he had a right to draw his pistol in self-defense, and if the jury believe from the evidence that Gamblin did draw his pistol after he knew that Franklin had drawn his, and when he was about to be assaulted by Salter, and that he drew it in self-defense, then the jury should find the defendant not guilty." 2d. "If the jury are in doubt as to whether the pistol was drawn in self-defense or not, arising out of the testimony, they should acquit."

The jury having returned a verdict of guilty, a new trial was asked, on the ground that the court erred in giving the instructions asked for the state, in refusing two of the instructions asked by the defendant, and because the verdict was contrary to law and evidence. Another trial was denied, and the defendant sued out a writ of error. In this court, the following are assigned as errors : 1st. The action of the court in overruling the motion to quash the indictment. 2d. In sustaining the application to amend. 3d. The indictment not having been amended in fact charges the defendant with no offense. 4th. In overruling the motion for a new trial.

There were several witnesses sworn, detailing the circumstances upon which the plaintiff in error was convicted. The occurrence took place in the grand jury room in the presence of several persons, some of whom were examined on the trial. The difficulty grew out of words reported to have been used by Gamblin with reference to another party, which, being denied by him, an altercation was the result, and pistols were drawn by Gamblin and another, but it is urged by counsel that the accused drew last and only in self-defense.

The charges given to the jury presented, with the most perfect impartiality, every phase of the case which could be considered by them under the statute for the violation of which the accused was on trial. In fact, those charges

were almost exceptional for brevity, clearness, directness, and the absence of matter calculated to confuse or create a leaning for or against the defendant. The instructions asked, but refused, are mere repetitions of the law and the questions propounded in those given, while they are objectionable in construction, in a partial rehearsal of testimony, and in a mode of expression calculated to mislead. Those given are models of precision and impartiality, while those refused presented no new questions of law, and were open to the objections already stated.

Of the testimony, the jury are so far the exclusive judges, that, except in very clear cases of error, passion or prejudice, an appellate court will not interfere with their verdicts. Whether the verdict in a given case is strictly in accordance with the testimony, a court can determine only by substituting the judgment of the judges for that of the jury, which would be in violation of all the rules in such cases; but the opinion of the former upon questions of fact, like that of the latter, would be subject to the imperfections of humanity, with the same liability to err in the one as the other. Within the rule prescribed to us, we see no occasion to undo the action of the jury in the case at bar, unless, in view of the evidence, their finding is clearly wrong. The law has wisely imposed a delicate and responsible duty upon jurors, and it is not for the court to rejudge their judgment. Kelly et al. v. Miller, 39 Miss. 17.

The only meritorious question in this case is, whether the court erred in refusing to quash the indictment, which charged that E. D. Gamblin, "having a certain deadly weapon, to wit, a pistol, did then and there exhibit the same in a rude, angry or threatening, in the presence of three or more persons, and not in his necessary self-defense," etc., omitting in the original the word "manner." An examination of article 56, Code, 582, shows that, except the omission of the word "manner" after the word "threatening," the indictment conforms precisely to the terms and language of the statute. 1 Bish. Cr. Pr., §§ 375, 385; Kline

v. The State, 44 Miss. ; Riley v. The State, 43 ib. ; Surratt v. The State, *supra*, p. 601.

In Unger v. The State, 42 Miss. 642, the indictment was found in 1866. During the trial, in 1867, the court permitted the presentment to be amended by changing D. W. Humphreys into D. G. Humphreys. It appeared from the testimony that the property charged to have been stolen (the indictment being for larceny) belonged to David George Humphreys. On error, this was held to be a fatal defect, which might have been taken advantage of before verdict. The defect, however, was held to be cured after verdict by the statute of jeofails. Art. 7, Code, 573.

Kline v. The State, 44 Miss. 317, was an indictment under art. 226, Code, 607, which enacts, that "no merchant, * * * or other person, except apothecaries or druggists, shall keep open stores, or dispose of any wares * * * on Sunday * * * ." The exceptions of the statute were not negatived in the indictment, which was demurred to, but allowed to be amended at a term subsequent to its presentment, under art. 268, Code, 616. The court say : "After objection has been made by demurrer or motion to quash for any formal defect, the court may, if thought necessary, cause the indictment to be forthwith amended, and thereupon the trial shall forthwith proceed. If the objection taken to this indictment were merely 'formal,' the court had authority to order the amendment. But we have shown that the omission to negative the exception in the statute, in favor of 'druggists and apothecaries,' was a fatal defect ; and power is not conferred on the court by this article to make other than 'formal' amendments. Art. 268 refers to sundry defects, disclosed during the progress of the trial, which may be amended. This article applies to a variance between the allegations of the indictment and the testimony, and empowers the court to order amendments, so as to make the *allegata* correspond with the *probata*. The action of the circuit court cannot be brought within this provision." In the case at bar the

counsel for the plaintiff in error presses the argument on this branch of the case upon the idea that the defect in the indictment is matter of substance. A comparison shows it to be wholly unlike the defects in the cases of Unger and Kline, just referred to. The language of the indictment, following that of the statute (art. 56, Code, 582), leads to the certain conclusion that the absence of the word "manner" from the indictment was a clerical omission, and may be held in this case to be "formal" under art. 268, Code, 616, or an "irregularity or informality" within art. 7, Code, 573. There is but the one statute on the subject of the exhibition of deadly weapons, which enacts that "he who, having or carrying a deadly weapon, shall exhibit the same in a rude, angry or threatening manner," not in necessary self-defense, shall be punished, upon conviction, as therein prescribed. The indictment of the plaintiff in error, as presented, charged that, having a pistol, he did then and there "exhibit the same in a rude, angry or threatening, in the presence of three or more persons," etc. This comparison more clearly shows the omission of the word "manner" to have been accidental, than any argument can do. But, without this word, the offense was "substantially described," which is all that is required. Art. 7, Code, 573 ; Kline v. The State, 44 Miss. In its absence, there could be no hesitation as to the statute upon which the charge was based. There could be no doubt as to the offense imputed. The accused could not complain of uncertainty, want of notice, or inability to prepare for trial. And a conviction or acquittal on this indictment. as it stood before amendment, might have been pleaded in bar of another prosecution for the same offense. Suppose the indictment had presented the accused for exhibiting a deadly weapon, rudely, angrily and threateningly, there can be little doubt of its sufficiency within the adjudications. In this case it charges that the accused, "having a certain deadly weapon, to wit, a pistol, did then

and there exhibit the same in a rude, angry or threatening, in the presence," etc.

There is nothing in the argument of counsel that the indictment ought to have included the words " or carrying," or that it ought to have averred that the pistol was loaded. It is sufficient that the indictment conforms substantially to the statute. Kline v. The State, 44 Miss. ; Riley v. The State, 43 ib.

The bill of exceptions given in the record states the amendment to have been in fact made, and, on the whole, we are of the opinion the court did not err in overruling the motion to quash and in granting leave to amend.

The judgment of the court below is affirmed.