## STATE *v.* SHAW.

In an indictment the printed words, "did * * * keep for sale," changed by a pen to "did * * * ~~keep for~~ sale," may be shown by the context to be "did sale," and to mean "did sell," and may be so read.

INDICTMENT, charging that the respondent, "not being an agent, * * * did then and there unlawfully, knowingly, and criminally ~~keep for~~ sale, one half pint of spirituous liquor to one John C. Sweat, contrary to the form" &c.

To this indictment the respondent had pleaded not guilty, at a previous term of court. At the September term, 1876, after the indictment was read to the jury, counsel for the state moved to amend by inserting after the word "sale," and before the word "one," the word *sell.* The respondent objected, and moved that the indictment be quashed. The court permitted the amendment and denied the motion to quash, and the respondent excepted. The respondent moved to set aside a verdict of guilty.

*Wheeler,* for the respondent.

It is a fixed and fundamental rule respecting indictments, that the charge must contain a certain description of the crime of which the defendant is accused. 1 Chitty Cr. Law 169. This indictment does not contain such a description, and is therefore bad. The motion to amend is not within the statute of amendments. *State* v. *Goodrich,* 46 N. H. 186 ; *State* v. *Lyon,* 47 N. H. 416.

*Shackford,* solicitor, for the state.

FOSTER, J. The defect in this indictment was the result of a mere clerical mistake. Evidently, in a hasty alteration of the printed blank, the writer's pen was pushed a little farther than was intended, across the " s." The draftsman evidently did not notice that the printed word which his pen ran against was " sale," and not *sell ;* consequently the " s" is to be retained, and not omitted. The right verb being used, the meaning is clearly conveyed by the present tense "did," and the remainder of the context shows that the past tense was intended. It is a mere grammatical error ; and *mala grammatica non vitiat chartam.* Broom Leg. Max. 535 ; Wharton Cr. Law 199. The amendment was unnecessary. No one could be deceived, misled, or left in doubt by this mistake. In indictments, as well as in declarations, only the second degree of certainty is required, that is, certainty to a certain intent in general, as it is usually expressed—5 Co. Rep. 121. See *State* v. *Whitney,* 15 Vt. 298, where the omission of the auxiliary verb " did," which should have been joined with the

words "sell and dispose of," was supplied by intendment. And see *Ailstock's Case*, 3 Grat. 650.

"If the sense appear, nice exceptions ought not to be regarded," said Lord ELLENBOROUGH, in *The King* v. *Stevens*, 5 East. 260. See, also, *The King* v. *Airey*, 2 East. 33, 34 ; 1 Ch. Cr. Law 172.

Two hundred years ago, Sir MATTHEW HALE lamented the existence of an undue regard for the "unseemly niceties" "required in points of indictments," and the "over easy ear given to exceptions, * * * whereby more offenders escape than by their own innocence, to the shame of the government, to the encouragement of villainy, and to the dishonour of God." Hale P. C. 193 ; Step. Cr. L. 182–185.

These "great strictnesses" were enforced in favor of life, in the times when no less than a hundred and sixty offences were declared by act of parliament to be worthy of death. 4 Bl. Com. 18. In the present age these "unseemly niceties" do not seem to be required.

The motion to quash was properly denied.

*Exceptions overruled.*

ALLEN, J., did not sit.