# PROVIDENCE COUNTY.

STATE *vs.* HENRY HINES.
STATE *vs.* JOHN McKENNA.
STATE *vs.* DANIEL BRANNIGAN.

A criminal complaint for the unlawful sale of liquor charged the defendant with unlawfully selling on a day given "without license first had and obtained:"
*Held,* that these words sufficiently charged the want of license to sell when the sale was made.
A complaint for unlawfully selling liquor need not aver the price paid for the liquor nor the residence and occupation of the purchaser.

EXCEPTIONS to the Court of Common Pleas.

In the first two of the cases under consideration the complaints were as follows, the complaint against Hines being a copy of that against McKenna, except as to names and dates:

" *To James W. Blackwood, Esquire, Trial Justice of the Justice Court of the City of Providence, in the County of Providence, in the State of Rhode Island and Providence Plantations.*

" Charles H. Hunt, of Providence, in said county, Chief of Police of said city of Providence, on oath complains in the name

and behalf of the State, that at said Providence, in said county, on the second day of August, A. D. 1879, with force and arms, John McKenna, of said Providence, laborer, not being then and there a registered pharmacist, or registered assistant pharmacist in the employ of a registered pharmacist, and not acting as aid under the immediate supervision of a registered pharmacist, or registered assistant pharmacist, and not being then and there a practitioner of medicine, who did not keep open shop for the retailing, dispensing, and compounding of medicines and poisons, or a wholesale dealer supplying medicines and poisons to pharmacists and physicians, and not being then and there an importer of liquor of foreign production, and selling the same in manner and in quantities permitted and as provided in section 6, chapter 508, of the Public Laws, did unlawfully sell and suffer to be sold to one William A. Kent, and not for the purpose of exportation, ale, wine, rum, and other strong and malt liquors, and mixed liquors, a part of which was ale, wine, rum, and other strong and malt liquors, without license first had and obtained from the commissioners elected in and for said city of Providence, under and according to the provisions of chapter 508 of the Public Laws, entitled 'An act to regulate and restrain the sale of intoxicating liquors,' and contrary to the provisions of chapter 119 of the General Statutes, and chapter 508 of the Public Laws. And it is hereby averred that said liquor was not cider or wines manufactured from currants or grapes, or other fruits or berries grown within this State, and sold in quantities not less than one gallon, and was not liquor of foreign production imported under authority of the laws of the United States, and sold in the original casks or packages in which it was imported, and in quantities not less than those in which the laws of the United States require such liquors to be imported, and against the statute, and the peace and dignity of the State.

" Wherefore he prays advice, and that process may issue, and that the said respondent may be apprehended and held to answer to this complaint, and be further dealt with relative to the same according to law.

" Dated at Providence, this twenty-fifth day of August, 1879.

" CHARLES H. HUNT,
" *Chief of Police of the city of Providence.*"

" PROVIDENCE, SC. — In Providence, this twenty-fifth day of August, A. D. 1879, personally came Charles H. Hunt, subscriber to the above complaint, and made oath to the truth of the same,

" Before me,       JAMES W. BLACKWOOD,
*Trial Justice of the Justice Court of the city of Providence.*"

In the third case the complaint for keeping intoxicating liquors for sale was as follows:

" *To James W. Blackwood, Esquire, Trial Justice of the Justice Court of the City of Providence, in the County of Providence, in the State of Rhode Island and Providence Plantations.*

" Charles H. Hunt, of Providence, in said county, Chief of Police of said city of Providence, on oath complains in the name and behalf of the State, that at said Providence, in said county, on the sixteenth day of August, A. D. 1879, with force and arms, Daniel Brannigan, of said Providence, laborer, not being then and there a pharmacist, or registered assistant pharmacist in the employ of a registered pharmacist, and not acting as aid under the immediate supervision of a registered pharmacist, or registered assistant pharmacist, and not being then and there a practitioner of medicine, who did not keep open shop for the retailing, dispensing, and compounding of medicines and poisons, or a wholesale dealer supplying medicines and poisons to pharmacists and physicians, and not being then and there an importer of liquor of foreign production, and selling the same in manner and in quantities permitted and as provided in section 6, chapter 508, of the Public Laws, did unlawfully keep and suffer to be kept on his premises and possessions, and under his charge, for the purpose of sale, and not for the purpose of sale for exportation, ale, wine, rum, and other strong and malt liquors, and mixed liquors, a part of which was ale, wine, rum, and other strong and malt liquors, without license first had and obtained from the commissioners elected in and for said city of Providence, under and according to the provisions of chapter 508 of the Public Laws, entitled ' An act to regulate and restrain the sale of intoxicating liquors,' and contrary to the provisions of chapter 119 of the General Statutes, and chapter 508 of the Public Laws. And it is hereby averred that said liquor was not cider or wines manu-

factured from currants or grapes, or other fruits or berries grown within this State, and kept in quantities not less than one gallon, and was not liquor of foreign production imported under authority of the laws of the United States, and kept in the original casks or packages in which it was imported, and in quantities not less than those in which the laws of the United States require such liquors to be imported, and against the statute, and the peace and dignity of the State. .

" Wherefore he prays advice, and that process may issue, and that the said respondent may be apprehended and held to answer to this complaint, and be further dealt with relative to the same according to law.

" Dated at Providence, this twenty-fifth day of August, 1879.

CHARLES H. HUNT,<br>
*Chief of Police of the city of Providence.*"

" PROVIDENCE, SC. — In Providence, this twenty-fifth day of August, A. D. 1879, personally came Charles H. Hunt, subscriber to the above complaint, and made oath to the truth of the same,

" Before me,                JAMES W. BLACKWOOD,

*Trial Justice of the Justice Court of the city of Providence.*"

*April* 1, 1880. PER CURIAM. These are complaints for the violation of " An act to regulate and restrain the sale of intoxicating liquors." Pub. Laws R. I. cap. 508, of June 25, 1875. They come here on exceptions to the decision of the Court of Common Pleas overruling motions in arrest of judgment. They are considered together because they present the same or similar questions. The first complaint is a complaint for selling. The objection to it is that the allegation that the sale was without license is deficient in certainty. The complaint alleges that, at Providence, in the county of Providence, on a day duly dated, the defendant did unlawfully sell, &c., " without license first had and obtained," &c. The defendant contends that the allegation does not necessarily import that he was without license *to sell*, *when* he sold, and that, to make this certain, the words should have been " without having *then and there* any license *therefor*," or others of the same significance and precision. We think the words used mean exactly the same as the words suggested, and

are sufficiently certain. Wharton Criminal Law, § 260. The second complaint, which is also a complaint for selling, is objected to on two additional grounds, to wit, that the liquor is not alleged to have been sold for any *price* alleged, and that the *residence* and *occupation* of the purchaser are not stated. We think the complaint is good without these averments. The third complaint is for unlawfully keeping for sale, and is objected to for uncertainty. It is, however, in the usual form, and, we think, has all the certainty which can be required, considering the character of the offence.

See cases and authorities cited in the brief of Assistant Attorney General Colt.[1]

The cases are remanded for sentence.

*Exceptions overruled.*

*Samuel P. Colt*, Assistant Attorney General, for plaintiff.
*Charles E. Gorman & George J. West*, for defendants.

[1] As to the question of license : *Edwards* v. *The State*, 22 Ark. 253; *Bolduc* v. *Randall*, 107 Mass. 121; *Kadgihn* v. *City of Bloomington*, 58 Ill. 229; *Commonwealth* v. *Bryden*, 9 Met. 137; *Commonwealth* v. *Baker*, 10 Cush. 405; *Commonwealth* v. *Dunn*, 14 Gray, 401; *Lord* v. *Jones*, 24 Me. 439; *Commonwealth* v. *Doherty*, 10 Cush. 52; *Commonwealth* v. *Bugbee*, 4 Gray, 206; *State* v. *Price*, 11 N. J. Law, 203.

As to the question of price: *Commonwealth* v. *Bryden*, 9 Met. 137; *Commonwealth* v. *Baker*, 10 Cush. 405; *Commonwealth* v. *Dunn*, 14 Gray, 401; *Kilbourn* v. *The State*, 9 Conn. 560; *State* v. *Reed*, 35 Me. 489; *State* v. *Fuller*, 33 N. H. 259; *State* v. *Munger*, 15 Vt. 290; *State* v. *Whitney*, 15 Vt. 298; *The People* v. *Adams*, 17 Wend. 475; *The People* v. *Gilkinson*, 4 Park. Cr. 26; *Cannady* v. *The People*, 17 Ill. 158; *Hintermeister* v. *Iowa*, 1 Iowa, 102; *State* v. *Ladd*, 15 Mo. 430; *State* v. *Miller*, 24 Mo. 532; *State* v. *Fanning*, 38 Mo. 359; *State* v. *Melton*, 38 Mo. 368; *State* v. *Rogers*, 39 Mo. 431; *Hare* v. *The State*, 4 Ind. 241; *State* v. *Murphy*, 8 Blackf. 498.

As to the description of the purchaser: *Cotton* v. *The State*, 4 Texas, 260; *State* v. *France*, 1 Overt. 434; *State* v. *Black*, 31 Texas, 560; *State* v. *Bell*, 65 N. C. 313; *State* v. *Anderson*, 3 Rich. 172; *State* v. *Brite*, 73 N. C. 26; *State* v. *Henderson*, 68 N. C. 348; *State* v. *Doyle*, 11 R. I. 574.

As to the uncertainty of the complaint: *United States* v. *Claflin*, 13 Blatch. C. C. 178; *Regina* v. *Mansfield*, 1 Car. & M. 140.