## LUCY WILE *v.* THE STATE.

1. INDICTMENT.   *Perjury, how charged.*
   An indictment for perjury which omits to charge that the offence was "feloniously" committed, is fatally defective on a motion to quash.

2. SAME.   *Common law and statutory forms.   Sect. 3099, Code 1880.*
   Sect. 3099 of the Code of 1880, which provides that when any act is criminal, both by statute and at common law, it may be set out in an indictment in either the statutory or the common-law form, does not apply in a case where the act charged is a misdemeanor at common law, and a felony by statute; and in such case the offence must be charged to have been done "feloniously." *Bowler* v. *The State*, 41 Miss. 570, cited.

APPEAL from the Circuit Court of Grenada County.

Hon. A. T. ROANE, Judge.

The appellant having been indicted for perjury made a motion to quash the indictment on the ground that it failed to charge that the false swearing was "feloniously" done. The motion was overruled, the defendant was tried and convicted, and appealed from the judgment of the Circuit Court.

*Slack & Longstreet*, for the appellant.

The omission of "feloniously" in the indictment for perjury is fatal to the indictment, and the court erred in not quashing it. This was expressly held in *Bowler* v. *The State*, 41 Miss. 570. When the case is consulted it will appear that that case is directly in point. The question was raised on motion to quash, for the reason that the indictment failed to charge that the offence was feloniously done. Defendant in case at bar was indicted for a felony, made so by sect. 2921, Code 1880. She was entitled to notice of the magnitude of the offence. This court says in *Bowler* v. *The State*, 41 Miss. 570, the statute which provides that "offences at common law, indictable and punishable by statute, may be indicted and described, or charged, according to the common law or statute, and on conviction shall be punished as prescribed by statute," does not apply where the grade of the common law offence has been increased by statute from a misdemeanor to a felony, the misde-

meanor being merged in the felony.   41 Miss. 570 ; *Hays* v.
*The State*, 57 Miss. 783.   Perjury, by statute, is a felony in this
State.   Code 1880, sect. 2921.   It was only a misdemeanor
at common law.   The words of the statute do not sufficiently
describe the offence charged in the indictment, and the offence
must therefore be charged by the use of such words as are
necessary and proper under established rule of law.   *Jesse* v.
*The State*, 6 Cushm. 110.   Inasmuch as the crime charged
has been changed from misdemeanor to felony, the use of
" felonious " was indispensable.   *Sarah* v. *The State*, 6 Cushm.
267.

*J. L. Harris*, for the State.

The indictment is drawn upon sect. 2921, Code 1880, and
contains a fine description of the offence.   *Jesse* v. *The State*,
28 Miss. 109 ; *Sarah* v. *The State*, 28 Miss. 267 ; *Harring-
ton* v. *The State*, 54 Miss. 490 ; *The Commonwealth* v. *Stoul*,
7 B. Mon. 247.   It has been held that where a statute creat-
ing a felony does not use the term " felonious," the latter term
may be omitted from the indictment.   *The People* v. *Olivera*,
7 Cal. 403 ; *Jane* v. *The Commonwealth*, 3 Metc. (Ky.) 18.
The term was originally introduced in order to exclude the
offender from his clergy, and, while there was a difference in
the proceedings in trials for treason, felony, and misdemeanor,
to communicate to the court the information necessary to di-
rect it how to order the course of the trial.   *Rex* v. *Clerk*,
Salk. 377 ; 1 Bishop's Cr. Proc., sects. 288, 289.   Now, that
the reason for the rule has ceased, the rule itself should
cease.   The use of the term " feloniously " is dispensed with
by sect. 3099, Code 1880.   *Peck* v. *The State*, 2 Humph. 78 ;
18 Ala. 397 ; 22 Ala. 43 ; *Millar* v. *The People*, 2 Scam. 233 ;
*Quigley* v. *The People*, 2 Scam. 301.

CHALMERS, J., delivered the opinion of the court.

In every indictment for a felony the use of the word " fel-
oniously " is essential.

It is urged that inasmuch as perjury was a crime both at

common law and by statute, and inasmuch as our statute in relation to it uses the words "wilfully and corruptly" and does not use the word "feloniously," that the common law requirement that the latter word must be used does not now exist, since by sect. 3099 of Code of 1880 it is provided that where any act is criminal, both by statute and at common law, it may be set out in an indictment in either the statutory or the common-law form.

The position seems plausible, but it was decided in *Bowler's Case*, 41 Miss. 570, under a statute of which sect. 3099, of our present Code is a reprint, that the statute would not apply in a case where the act charged was a misdemeanor at common law and a felony by statute, and that in such cases it must be charged to have been done "feloniously," no matter what form of indictment was pursued.

The crime of perjury was a misdemeanor at common law and is made a felony by statute.

It follows, therefore, under the case cited, that in every indictment it must be charged to have been "feloniously" done.

Judgment reversed, indictment quashed, and appellant held to await further action of the grand jury of Grenada County.