E. R. Cook *v.* The State.

**Murder.** *Indictment. Verbal omission. Materiality.* Code 1892, § 1354.

> An omission in an indictment for a felony going to the very essence of the offense, renders it void and subject to attack at any time. Thus indictment for murder, charging that the defendant, "on the ninth day of March, 1894, in the county aforesaid, then and there feloniously, wilfully and with malice aforethought, kill and murder one John Brian," is fatally defective. The omission of the word "did" is not a formal defect, advantage of which must be taken by demurrer, under § 1354, code 1892.

From the circuit court of Warren county.

Hon. Jno. D. Gilland, Judge.

The case sufficiently appears in the opinion.

*M. Marshall*, for appellant.

The indictment is fatally defective in omitting the auxiliary

verb "did" before "feloniously kill and murder." As it stands, the indictment does not charge any act. *Non constat* but that it meant that accused intended to kill. The defect is so fundamental that it can be made for the first time in this court. *Newcomb* v. *State*, 37 Miss., 383.

*J. M. Gibson*, on the same side.

*Frank Johnston*, attorney-general, for the state.

The omission of the word "did" in the indictment is obviously a clerical error. Objection should be made by demurrer. Code 1892, § 1354. A similar question was presented in *Gamblin* v. *State*, 45 Miss., 658. The omission of the word "did" in an indictment for illegal selling was held a mere clerical omission in *State* v. *Whitney*, 15 Vt., 298, and so in *State* v. *Edwards*, 19 Mo., 674. It is true these were misdemeanors, but there is no sound distinction between the rule in misdemeanors and felonies. It is a mere rule of construction, looking at the face of the indictment. In the present case, defendant admitted the homicide, and attempted to justify it. He was not misled by the indictment as to the exact nature of the crime.

Argued orally by *M. Marshall*, for appellant, and *Frank Johnston*, attorney-general, for the state.

WOODS, J., delivered the opinion of the court.

At the March term, 1894, of the circuit court of Warren county the grand jury presented against the appellant an indictment which, in its essential averments, charges that appellant, "on the ninth day of March, 1894, in the county aforesaid, then and there feloniously, wilfully and with malice aforethought kill and murder one John Brian," etc. It is now contended in this court that the indictment is fatally defective, in that it does not sufficiently charge any offense known to our laws. Without supplying some word or words before the words "kill and

murder,'' or elsewhere, in the indictment, it is apparent, at a glance, that some omission has been made.

It is argued by counsel for the state that the indictment, as it stands, furnishes a clear illustration of a formal defect, or clerical error, and that appellant should have demurred to the indictment, and reference is made to § 1354, code of 1892, to support this view.    That section is in these words: ''All objections to an indictment for a defect appearing on the face thereof, shall be taken by demurrer to the indictment, and not otherwise, before the issuance of the *venire facias* in capital cases,'' etc.    The language of the statute quoted, and especially when taken with the concluding part of the section, which declares that for any *formal* defect the court may, if it be thought necessary, cause the indictment to be forthwith amended, might be given this construction, if literally interpreted, and if this court had not uniformly held that no averment of any indictment which goes to the very essence of the offense may be dispensed with by the state, or waived by the accused.    The statute was not intended, and could not have been intended, to rob any citizen accused of a felony of his right to have the nature and cause of the accusation preferred against him clearly and fully stated, and any abridgment of the right to be thus informed in any substantial particular would be unconstitutional.    And that is the very point made by appellant's counsel here.    They assert that here is no bad spelling, no vicious grammar, no mere clerical error which cannot mislead, and no formal defect that may be amended without touching any substantial matter, and the assertion cannot be refuted.

Unless the court shall supply by intendment something plainly omitted, and read into the charge some word or words plainly not there, no certain offense is laid.    If we concede that the accused, the trial court and the jury all knew what was intended to be charged, and that an actual trial was had below, on full proof, of the appellant upon a charge of murder, still we have not, by the concession, received any light on the question pre-

sented, viz. : Was the indictment a valid one, substantially charging a capital crime; or, was it void, charging no crime, and therefore assailable anywhere?

If we recur to the indictment again, we shall see that if we undertake to read into it some word or words omitted, it will be manifest that we will thus do what the grand jury has not done—that is, certainly and distinctly charge a specific crime. But even in doing this, we shall first find ourselves driven to our election between two or more crimes.    We may by intendment read into the indictment the word "did," so that the charge shall read " did kill and murder " the deceased, and thereby make the defective paper an indictment for murder; or we may, guessing along the same line of offenses, read into the empty place in the indictment the words " did attempt " to kill and murder the deceased; or we may interpolate the words " did combine and conspire with John Doe and Richard Roe " to kill and murder the deceased, and surely, now, no one will justify the exercise of such power by this or any other court.

The case of *Gamblin* v. *State*, 45 Miss., 658, was a misdemeanor, and bears no analogy to the case in hand.    The cases of *State* v. *Whitney*, 15 Vt., 298, and *State* v. *Edwards*, 19 Mo., 674, were likewise misdemeanors.    Here the offense charged is a capital felony, and with us it has long been held that any essential defect in an indictment renders it void.    Here no crime is alleged to have been done.    It is not charged that appellant " did kill and murder," nor that he " killed and murdered," but that he did any one of several things, which the court may elect to adopt and incorporate in the indictment.    In *Riggs* v. *State*, 26 Miss., 51, it was held that the omission, or absence from the indictment, of the two words "and there," was a fatal defect, because the words used, "and did then die," failed to make it clear that the death of the deceased occurred in Monroe county, as would have appeared if the averment had been; "and did then and there die."    In *Jesse* v. *State*,

28 Miss., 100, an indictment was held to be fatally defective which did not charge that the act of burning was done maliciously. The indictment charged that the burning was done "wilfully and feloniously," and the court held that, because of the absence of the averment that the crime was committed maliciously, no offense was charged. *Sarah* v. *State*, 28 Miss., 267, is to the same effect. In *Wile* v. *State*, 60 Miss., 260, which was a case of perjury, the omission of the word "feloniously" from the indictment was held to be a defect of substance which rendered the indictment void. Such is the strictness of law in our state in charging essential or substantial matters in indictments for felonies.

Looking abroad, we find in *State* v. *Halder*, 2 McCord (S. C.), 377, that an indictment charging that the defendant "feloniously utter and publish, dispose of, pass and put away as true to one William Hunt, a certain false, forged and counterfeited bank note," etc., omitting the auxiliary verb *did* before the words "utter and publish," was held to charge no offense. Says that court: "You are left to conjecture what is intended. If you state to a special pleader that the prisoner is indicted for passing a counterfeit bank note, his learning will readily supply all the averments as to time, place and manner necessary to a good indictment. But the ignorant, as well as the learned, are sometimes, and, indeed, more frequently, the subjects of criminal prosecutions, and it is as important that they should be apprised of the charge against them. Nothing ought, therefore, to be left to conjecture."

In *Edmondson* v. *State*, 41 Texas, 496, it was held that the omission of the auxiliary "did," in an averment of the indictment alleging the injury charged, was fatal. See *Jones* v. *State*, 13 Texas, 168.

In *State* v. *Potter*, 28 Iowa, 554, it is said that an indictment "cannot be aided by intendment, nor omissions supplied by construction."

Regretting the necessity of ever reversing any judgment after

full trial, unless upon the merits, we yet must not forget that it is our sworn duty to maintain unbroken the constitutional safeguards of the lives and liberties of the people.

*The judgment below will be reversed, the indictment quashed, the cause remanded and the accused held to answer any indictment that may be found.*