Oct., 1915] · KEYS *v.* STATE. · 433

110 Miss.]       Syllabus.

that the original funds embezzled do not, in the end after trading and speculation, net him a certain amount, then grounds for an endless inquiry is at hand. He at least accepted the check for five dollars and twenty-five cents and upon failure of the payee thereon paying same, the appellant would have recourse upon the endorser which, in this case, was Jenkins' son. I therefore submit that this contention is without force and that upon the whole the record shows that the jury were amply warranted in returning the verdict they did, which verdict I respectfully submit should not be disturbed by this court.

---

KEYS v. STATE.

[70 South. 457.]

1. INDICTMENT AND INFORMATION. *Amendments. Right of make.*

Where an indictment under Laws 1908, chapter 115, making it an offense to sell intoxicating or spirituous liquors, charged that accused did sell "spirituous and intoxicating" etc., it may be amended by the insertion of the word "liquors" after intoxicating, under Code 1906, section 1426, allowing amendments to cure formal defects; since such a defect was a mere clerical error and could not prejudice accused in his defense.

110 Miss.—28

2. CRIMINAL LAW. *Trial. Instructions.*

    The refusal of an instruction for the defense that the jury should "not consider the physical defects of defendant as any evidence against him" was proper, since the jurors are presumed to be men of common sense and needed no instruction of this character.

APPEAL from the circuit court of Covigton county.

HON. W. H. HUGHES, Judge.

Andy Keys was convicted of the unlawful selling of intoxicating liquors, and appeals.

The facts are fully stated in the opinion of the court.

*G. H. Merrell,* for appellant.

The demurrer ought to have been sustained. It is true that sec. 1508, Code 1906, authorized an amendment whenever on the trial there shall appear to be variance between the statement in the indictment and the evidence offered in proof thereof in the name of any person or description of any property or thing, etc., when such an amendment shall not be material to the merits of the case, but this has no application to the case at bar. In this case no variance appeared whatever, because no proof had been offered, which is a condition precedent to the right to amend. If evidence had been offered and there appeared to be a variance, the amendment is material and goes to the very substance of the indictment, and without it the indictment charges no offense.

The word liquors omitted in the indictment is not a description of any property, thing or the name of any person, but is the property itself, and its omission makes the indictment fatally defective. Indictments may be amended in matters of form, but not in matters of substance. See Cyclopedia of Law and Procedure, Vol. 22, page 433, paragraph 2. *McGuire* v. *State,* 35 Miss. 366; *Kline* v. *State,* 44 Miss. 317; *Blumberg* v. *State,* 55 Miss. 528; *Cook* v. *State,* 72 Miss. 517, 17 So. 228, 44 So. 810.

If this amendment is authorized, then the court may read by intendment into an indictment a charge of any one of the several offenses under the Dramshop Laws of Mississippi, wherein the penalty is different. This judgment cannot be pleaded in bar of another prosecution. There are many kinds of liquors or medicinal preparation that are spirituous and intoxicating, which is not a violation of law to sell. The court did not know and could not know, nor did the indictment show on its face what charge the grand jury intended to present against the appellant. The indictment charges no offense known to the law; therefore there was nothing to amend.

If this amendment is authorized, then what has become of the constitutional safeguards that the accused shall be informed of the nature and cause of the accusation against him, and that he shall not be proceeded against criminally by information only in the excepted cases named by the Constitution and statutes. The amendment as it stands is not a presentment or indictment by the grand jury but an indictment by the court on motion of the district attorney. We submit that such an amendment is not authorized by law either in misdemeanor or felony cases, and the demurrer ought to have been sustained.

It was error for the court to refuse to give the instruction asked by the appellant to the effect that the defendant's physical defects were not to be considered as any evidence against him. The fact that appellant is a dwarf in nowise changes the rule of law. The defendant's physical defects were no evidence against him and this instruction should have been given. See Cyclopedia of Law and Procedure, Vol. 21, 384-621.

*Ross A. Collins,* attorney-general, for state.

The first of these alleged errors relates to the order of the court overruling the demurrer to the indictment which had been interposed on the ground that the word,

"liquors" had been inserted by amendment before trial in the circuit court. See indictment page 2 of record.

It seems that the indictment did not contain the word, "liquors" but stated that "did then and there unlawfully sell and retail spirituous and intoxicating against the peace of the state of Mississippi." Appellant urges that this was reversible error inasmuch as it was an amendment in substance and not in form. Let it be remembered that the offense alleged was a misdemeanor and it was competent for the legislature to dispense with the inquest of a grand jury, but since an indictment for the offense was returned, I submit that under the broad terms, of the authority granted, under section 1508, of the Code of 1906, taken into consideration with the general principles governing indictments, the omission of the word "liquors," does not render this indictment void. It is a general principle governing indictments that if what is omitted is implied in that which is expressed, the indictment is good. Joyce on Indictments, page 223. The omission of the word, "liquors," does not leave ground for cavil as to what was intended to be expressed as the meaning is manifest at a glance. I submit that if the indictment had the word "sell" omitted, then there would be some ground for question as to whether it was the intention of the draftsman to insert some other word descriptive of some other offense under the liquor laws, but in the instant case, the omission of the word, "liquors" leaves no ground for doubt as to the design of the draftsman, and as it has been said, "it is the cherished object of the court to render effective the design of the draftsman when that design is manifest." I submit that this word and the meaning of the indictment is too manifest to admit of doubt.

The next error alleged relates to the refusal of the court to grant an instruction charging the jury not to consider the physical defects of the defendant as any evidence against him. (Page 29, of record.) The record

does not contain any evidence upon which this instruction could properly be predicated and was properly refused.

SMITH, J., delivered the opinion of the court.

This is an appeal from a conviction for the unlawful selling of intoxicating liquor. The indictment alleged that appellant "did . . . sell . . . spirituous and intoxicating against the peace and dignity of the state of Mississippi." A demurrer being inter-, posed thereto, the district attorney, by permission of the court, over the objection of appellant, amended the indictment by inserting the word "liquors" between the words "intoxicating" and "against." The demurrer was then overruled. Chapter 115, Laws of 1908, provides that:

"If any person shall sell . . . any . . . intoxicating or spirituous liquors, he shall on conviction be fined," etc.

It is manifest from a mere inspection of the indictment that the offense therein intended to be charged is that defined by this statute, and that the absence of the word "liquors" is a mere clerical omission, so that the defect in the indictment may be treated as a formal one within the meaning of section 1426, Mississippi Code of 1906. *Gamblin* v. *State*, 45 Miss. 658. That appellant was prejudiced in the preparation of his defense, or was in the least doubt of the crime he was charged with having committed, because of the omission from the indictment of the word "liquors," is inconceivable. Consequently no error was committed in permitting the amendment.

Appellant's requested instruction to the jury "not to consider the physical defects of the defendant as any evidence against him" was properly refused. The jurors, we presume, were common sense men, and needed no instruction of this character.

*Affirmed.*